# MEMORANDUM

OF

# A CASE NOT REPORTED IN FULL.

40 566
18ap296
40 566
28ap213

## ANNA L. BLUNT, Respondent, *v.* WILLIAM J. SYMS, Appellant.

*Accounting by one holding property as mortgagee or in trust to sell for the payment of a debt — he will not be allowed any compensation for his own services — all expenses reasonably and properly incurred, e. g., costs of a suit, will be allowed—when chargeable with interest on balances in his hands.*

Appeal from a judgment in favor of the plaintiff, entered on the report of a referee.

By the judgment recovered the defendant was adjudged liable to account to the plaintiff for the proceeds of sale of certain real estate owned by her and conveyed to and sold by him. This real estate was conveyed to the plaintiff by her father Orison Blunt during his lifetime. He was indebted upon notes made for his accommodation, and indorsed by him, in the sum of $14,000 at the time of his decease. Samuel R. Syms, the brother of the defendant, was liable as a party to these notes for their payment, and he contemplated the prosecution of an action against the plaintiff to set aside the conveyance of the land made to her, and to render the property liable for the payment of these debts. The suit proceeded no further than the filing of a notice of its pendency at the time when the conveyances of the property were made to the defendant. It was then ascertained that the notes could be compromised for the sum of $7,000, and the leading object of the conveyances to the defendant was to secure this compromise by him and protect him for the amount of the $7,000 to be paid for that purpose. The debts were compromised in this manner, and out of the proceeds of the property the defendant reimbursed himself the money advanced, together with what was paid by him for taxes and assessments and other charges against the property. The right of the plaintiff to the residue of the proceeds of the sale of the property, after reimbursing the

defendant, was not denied on his part, but he claimed to be entitled to the rents and profits to be received from the property, between the time when the conveyances were made to him and the times of the sales. The conveyances were made in September, 1879, and the sales took place in November and December, 1883. During this interval the defendant received, by way of rents, the sum of $14,749.94. The referee held that he was not entitled to retain the rents, and required him to render an account thereof.

Upon the accounting a controversy arose as to the extent of the defendant's liability, as to which the court at General Term said: "He made charges in his accounts for commissions for collecting and receiving rents himself, in addition to those collected for him through an agency employed for that purpose; and he also claimed commissions upon the amounts expended by him in repairing the property while it was in his possession. So far as he had disbursed moneys in making repairs and paying commissions they were allowed by the referee in the accounting, but upon the amounts collected by himself, and paid out as expenditures for repairs, no commissions were allowed to him; and in that disposition of the case the referee seems to be supported by the settled law, as it is applicable to this class of cases. It is not requisite for the determination of this or any other point in the case very specifically to declare the nature of the conveyances of the land between the plaintiff and the defendant, for whether they should be held to be mortgages or a conveyance of the property, to be disposed of by him and accounted for under the terms of the agreement, his relations and liabilities would be the same; and the rule is a general one that where a mortgagee or other trustee manages the estate himself, there no allowances is to be made to him for his services or trouble in the course of that management. Upon this subject it has been said that 'nothing is better established in England than that a trustee can have no allowance or compensation for his time and trouble in the execution of the trust.' (2 Perry on Trusts [2d ed.], § 904.) While a trustee, and also a mortgagee, is to be reimbursed for all his expenditures lawfully made on account of the estate, his own services have been regarded as gratuitously bestowed, and where he is in fact a mortgagee, for his own benefit. And such may be considered to have been the expectation of these parties, inasmuch as no stipulation was made

or intimation was given that a compensation or commission upon these subjects for the personal services of the defendant would be at any time claimed by him. The object of the conveyances was to benefit his brother so far as to relieve him from liability upon these notes, and the defendant was willing to take the business upon himself, as he did, without any stipulation, apparently for the purpose of serving his brother and securing this benefit. Whether a mortgagee, as the defendant may very well probably be designated under the deeds, shall receive commissions upon collections made by himself, or expenditures for the improvements of the property, has been considered in a variety of cases, and they uniformly agree in holding that no such commissions can be legally claimed or allowed. (*Eaton* v. *Simonds,* 14 Pick., 98; *Moore* v. *Cable,* 1 Johns. Ch., 385; 2 Wash. on Real Estate [4th ed.], 234; *Breckenridge* v. *Brooks,* 2 A. K. Marshall, 335; *French* v. *Baron,* 2 Atk., 120; *Bonithon* v. *Hockmore,* 1 Vern., 316; *Clark* v. *Robbins,* 6 Dana [Ky.], 350; *Benham* v. *Rowe,* 2 Cal., 261; *Elmer* v. *Loper,* 25 N. J. Eq., 475.) And for this purpose, without definitely determining that the defendant was a mortgagee in the possession of this property, it may very well be assumed that he was, for while there was no stipulation securing to the plaintiff the right to redeem and repossess herself of the property, it is quite clear that she could have done so at any time before the sale by reimbursing the defendant for his advances; and in this respect this case essentially differs from that of *Macaulay* v. *Porter* (71 N. Y., 173). But in any view which may be taken of the obligations of the defendant the referee was right in denying him these commissions.

" The defendant claimed the sum of $325 for the expenses of a suit brought against him by a broker for commissions on a contract for the sale of a portion of the lands. This suit was defended by the defendant evidently in good faith, but it resulted adversely to him and was finally compromised by the payment of a smaller amount than the recovery, but at an expense to himself of the sum of $100. The aggregate amount paid was $325, and that was disallowed by the referee. In this disallowance he seems to have applied too strict a rule of liability to this part of the accounting. For the principle is quite general holding that " trustees have an inherent equitable right to be reimbursed all expenses which they

reasonably and properly incur in the execution of the trust, and it is immaterial that there are no provisions for such expenses in the instrument of trust. (2 Perry on Trusts [2d ed.], § 910.) And a mortgagee in the possession of property would clearly be within the same principle. (1 Perry on Trusts [2d ed.], § 243.) This amount, thereforee should have been allowed to the defendant upon the accounting, and with interest should be now deducted from the sum required to be paid by him to the plaintiff. &ast; &ast; &ast;

"The referee was also right in allowing interest against the defendant for the balance found in his hands on the 1st of January, 1884, which was after all the real estate had been sold by him. The balance that he had was so much money belonging to the plaintiff which he was obligated by the transaction itself to pay over to her, and he could not retain this money in his possession, and withhold it from her and escape liability for legal interest upon it. (*Adams* v. *Fort Plain Bank*, 36 N. Y., 255, 261.)"

*Townsend & Mahan*, for the appellant.

*M. L. Townsend*, for the respondent.

Opinion by Daniels, J.; Brady, P. J. concurred.

Judgment modified as directed, and affirmed as modified, without costs.